OPINION
By the Court,
Springer, J.:
The parties to this divorce action entered into an oral settlement agreement on April 29, 1992. In their agreement the wife waived all right to spousal support; and in consideration of that waiver the husband agreed to pay certain community debts and to pay to the wife $16,250.00 “to equalize the division of community property.” The April 29, 1992, agreement was arrived at during a “settlement conference” held by the court on that day; however, the agreement was not memorialized in writing until a year later, in April of 1993, when the court entered a written divorce decree that adopted the April 1992 agreement.
According to the wife, shortly after the parties entered into the April 1992 oral agreement, her husband called her and told her he was not going to pay her as agreed and told her that he was going to go into bankruptcy. The husband did in fact go into bankruptcy and was eventually released from most of the financial obligations to his wife which he undertook in the April 1992 agreement. The wife claims that the husband never intended to abide by the agreement, that he used the bankruptcy to defraud *1232 her out of her share of the community property, and that because of the bankruptcy there was a failure to "equalize the division of community property," as was the manifest intention of the parties when they made their April 29, 1992, agreement.
Before the entry of the April 1993 written decree, the wife called the court's attention to the injustice inherent in entering a decree which was based on an agreement that was made before the husband had obtained a discharge in bankruptcy. The court, over the objection of the wife, entered the divorce decree and disposed of the rights of the parties in accordance with the parties' year-old oral agreement. This ruling prompted the wife to move to set aside the decree based upon fraud and upon the injustice inherent in enforcing the agreement of the parties under circumstances in which the husband was able to avoid virtually all of his obligations under the oral agreement of April 29, 1992.
The trial court denied the wife's motion to set aside the decree on the ground that the relief was "barred by federal law." We hold that there is nothing in the federal bankruptcy law that would prevent the court from setting aside the April 1993 divorce decree or from hearing matters relating to spousal support and community property disposition on their merits. We therefore reverse the order of the trial court denying the motion to set aside the decree and order the district court to vacate and set aside the April 23, 1993, decree.
At the time of the mentioned settlement conference of April 29, 1992, the trial judge gave the parties the opportunity to make a record on the divorce claim; and at the conclusion of the settlement conference, the trial judge announced from the bench that he was granting a decree of divorce. Counsel for the husband agreed to prepare the formal decree. Counsel did not prepare the decree as promised, and the matter stood pending for approximately a year, until April 23, 1993, at which time the trial judge was persuaded by the husband's counsel to enter a decree "nunc pro tunc," dating back to the April 29, 1992, settlement conference date.
Before the divorce decree was entered in this case, the wife pointed out by way of various documents filed with the district court that, given the husband's release from his obligation to pay her the cash sums agreed to in their oral agreement, there was a gross inequity in the division of property. The wife also argued to the court that her husband never planned to pay the amounts that he had agreed to pay and that he intended to use the bankruptcy fraudulently to deprive her of property and of her claims to spousal support. Under these circumstances, it is very difficult to understand why the district court would enter the April 23, 1993, *1233 “nunc pro tunc” decree. This, however, is not the point in this appeal. The issue in this appeal is whether the trial court erred in refusing to set aside the mentioned decree and in refusing to hear the wife’s complaint of inequity and fraud.
We note that the district court did not deny the wife’s motion to set aside the divorce decree on its merits but, rather, on the ground that the court was precluded by federal law from granting her the requested relief. We do not see, however, how hearing this wife’s claims of fraud and unfairness would interfere in any way with federal law. All the wife is claiming in this case is that the property was not divided equally or fairly and that she should have the right to present her claims to the court. The April 23, 1993, decree was based entirely upon an oral agreement of a year before, and the court was not entitled to enter such a decree without first hearing the merits of the claims asserted by the wife relative to the unfair property disposition inherent in the enforcement of the April 29, 1992, oral agreement.
The district court may, when it hears this case on remand, de novo and on the merits, consider the effect of the husband’s bankruptcy upon the community and on the rights of the parties; but this is not to say the state court would be interfering in any way with the bankruptcy court’s decree. We held in Siragusa v. Siragusa, 108 Nev. 987, 843 P.2d 807 (1992), that in adjudicating issues relating to spousal support a district court could properly consider a spouse’s discharged property settlement obligation and that doing this did not re-create a debt discharged under federal bankruptcy laws. Whether this wife is entitled to a fair hearing on her claims to alimony and property rights is entirely a matter of state law, and we have no hesitancy to send this matter back to the district court in order to assure that the parties are treated fairly in all matters relating to spousal support and property disposition.
It is not necessary to discuss at any length the merits of the wife’s motion to set aside the decree, because this issue has not been a part of this appeal. Both the district judge and the respondent husband rely entirely on federal law as a defense to the wife’s motion. Thus, the task of this court is made easier by reason of the husband’s not arguing anything relating to the merits of the wife’s motion to set aside the decree or of her claim to a right to have this matter heard on its merits. The only point presented by the husband in his answering brief in opposition to the wife’s appeal is that “[a]ppellant’s action to set aside the decree of divorce [is] barred by 11 U.S.C. [§] 524[].” The husband’s sole argument is that “even if there were a claim for fraud, it is now gone because a complaint in bankruptcy was never filed.”
*1234 Because the husband relies solely on the bankruptcy and has not addressed the principal points raised in the wife's appeal from denial of her motion to set aside the divorce decree, and because of the unfairness inherent in the divorce decree, the order of the trial court must be reversed. The wife is entitled to have her claims addressed by the district court, irrespective of whatever legal effects that the bankruptcy decree may ultimately have on the parties.
We conclude that aside from any question of fraud on the part of the husband, the "nunc pro tunc" divorce decree is inherently unfair and must be set aside. Under no circumstances, bankruptcy or no bankruptcy, should one party to a divorce be allowed to take all of the benefits of the divorce settlement and leave the other party at the disadvantage suffered by the wife in the present case.
Accordingly, we reverse the order of the trial court, set aside the "nunc pro tunc" divorce decree entered on April 23, 1993, and remand the matter to the district court for further proceedings.
STEFFEN, C. J., YOUNG, J. and SHEARING, J. and ROSE, J. concur.